| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE APELACIONES PANEL ESPECIAL | | |
| QUICK STOP, INC. Y OTROS<br><br>Recurridos<br><br>v.<br><br>TORAL PETROLEUM, LLC Y OTROS<br><br>Peticionarios | KLCE202400681 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm. MZ2021CV00741<br><br>Sobre: DAÑOS Y PERJUICIOS EXTRACONTRACTUALES POR EMBARGO ILEGAL |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece ante *nos*, Toral Pretroleum, LLC. (peticionario) y nos solicita que revisemos la *Resolución Reconsideración* emitida el 20 de mayo de 2024 y notificada el 21 de mayo de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Mayagüez. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la solicitud de reconsideración que presentó el peticionario sobre la *Resolución y Orden* emitida el 6 de mayo de 2024.

Por los fundamentos que se exponen a continuación, se *desestima* el recurso de *certiorari* por falta de jurisdicción.

## I.

Surge del expediente ante *nos* que, el 9 de junio de 2021, Quick Stop, Inc. (recurrido) presentó una *Demanda* sobre daños y perjuicios extracontractuales por un embargo ilegal en contra de la parte peticionaria.[1] En ajustada síntesis, alegó que la parte peticionaria es responsable por los daños ocasionados por unos

---

[1] El 10 de junio de 2021, se presentó una *Demanda Enmendada*.

embargos ilegales que se realizaron el 7 de noviembre de 2021. Sostuvo que los embargos se realizaron bajo órdenes emitidas el 27 de octubre de 2010, en el caso DAC2008-1965 y que, en dicha causa de acción, no se le incluyó como parte.[2] Esbozó que los embargos se llevaron a cabo en propiedades muebles tales como efectivo, mercancía en inventario, bombas de estación de gasolina y combustible.[3]

Asimismo, la parte recurrida acentuó que los embargos fueron declarados ilegales en el caso DAC2008-1965 mediante *Sentencia* final y firme. Manifestó, además, que el término prescriptivo para llevar a cabo una reclamación fue interrumpido el 15 de junio de 2020, mediante reclamación extrajudicial.

Así las cosas, el 29 de marzo de 2022, la parte peticionaria presentó una *Moción en Solicitud de Desestimación* por prescripción. Planteó que la parte recurrida no fue parte del caso DAC2008-1965, por lo que tenía que haber presentado una reclamación por los daños y perjuicios sufridos dentro del año establecido en el Artículo 1802 del Código Civil de 1930 (31 LPRA ant. sec. 5141). Así pues, esgrimió que la reclamación de la parte recurrida está prescrita. Oportunamente, el 26 de mayo de 2022, la parte recurrida presenta una *Moción Urgente en Oposición a Solicitud de Desestimación*. En apretada síntesis, afirmó que la causa de acción no está prescrita, pues fue parte del pleito DAC2008-1965. El 27 de mayo de 2022, la parte peticionaria presentó una *Réplica a Oposición a Moción de Desestimación*.

Luego de múltiples incidentes procesales, innecesarios pormenorizar, el 6 de mayo de 2024, el TPI emitió una *Resolución y*

---

[2] La *Demanda* en el caso DAC2008-1965 fue presentada por la parte peticionaria contra Eduardo Ruiz Valentín (Ruiz Valentín) y su esposa Reyes Noriega Ramos (Noriega Ramos), h/n/c All Stars y contra Edward Ruiz Noriega (Ruiz Noriega) y su esposa Betsy Irizarry Zambrana (Irizarry Zambrana) h/n/c All Stars.
[3] Dichas propiedades muebles pertenecen al señor Ruiz Noriega, a la Sra. Irizarry Zambrana y a la parte recurrida.

*Orden* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación por prescripción. Dicho dictamen fue notificado a las partes el 8 de mayo de 2024.

Inconforme, el 17 de mayo de 2024, la parte peticionaria presentó una *Moción de Reconsideración [...].* En consecuencia, el 20 de mayo de 2024, el foro *a quo* emitió una *Resolución Reconsideración,* notificada el 21 de mayo de 2024, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Inconforme aun, el 20 de junio de 2024, la parte peticionaria acudió ante *nos* mediante un *Recurso de Certiorari* y alegó la comisión del siguiente error:

> **PRIMER SEÑALAMIENTO DE RROR: ERRÓ EL TPI AL NO DESESTIMAR LAS ALEGACIONES DE LA DEMANDA POR PRESCRIPCIÓN DE QUICK STOP, INC.**

Examinado el recurso de *certiorari,* este Tribunal emitió una *Resolución* el 2 de julio de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 19 de julio de 2024, la parte recurrida presentó una *Moción Solicitando Prórroga [...].* Así las cosas, el 31 de julio de 2024, emitimos una *Resolución* concediendo la prórroga solicitada. El 7 de agosto de 2024, la parte recurrida presentó una *Oposición a Recurso de Certiorari [...].* Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC y otros,* 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas de la ASG PR,* 2024 TSPR 24, 213 DPR ___ (2024); *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v.*

*Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v.*

*Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC y otros, supra* citando a *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007).

**B. La presentación y notificación de un recurso de *certiorari***

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de *certiorari*, en lo relativo a su presentación y a su notificación está regulado por la Regla 33 del Reglamento del Tribunal de Apelaciones. A esos efectos, la citada Regla 33 establece, entre otras cosas, que:

> [c]uando el recurso de certiorari, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, **la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora**

**de su presentación, a la Secretaría del tribunal recurrido dentro de las setenta y dos horas siguientes a la presentación de la solicitud.** Este término será de cumplimiento estricto. Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. (Énfasis nuestro).

Así pues, estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Como axioma de ese principio, es harto conocido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987).

### III.

Como cuestión de umbral, este tribunal intermedio tiene la obligación de auscultar nuestra jurisdicción para atender el recurso de *certiorari* presentado. Un examen cuidadoso del expediente judicial ante esta Curia, así como del expediente en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), demuestra que la parte peticionaria incumplió con el Reglamento del Tribunal de Apelaciones, por lo que el recurso no se perfeccionó.

El recurso ante *nos* fue presentado en la Secretaría de este Tribunal el 20 de junio de 2024. Surge del expediente que, la parte peticionaria notificó copia del recurso por correo electrónico a todos los representantes legales de las partes. No obstante, la parte peticionaria omitió notificar con copia de la cubierta o primera página del escrito de *certiorari* al TPI, dentro de las setenta y dos (72) horas que dispone el Reglamento del Tribunal de Apelaciones para así hacerlo.

Ante ello, este Tribunal notificó una Orden a la parte peticionaria, para que mostrara causa por la cual no debía desestimarse el recurso por el incumplimiento con la Regla 33 del

Reglamento de Apelaciones. Oportunamente, el 10 de septiembre de 2024, la peticionaria expuso su posición en una Moción en Cumplimiento de Orden. En su escrito, argumentó que es correcto que no presentó la carátula ponchada ante el Tribunal de Primera Instancia, pero que ello resulta innecesario ante la notificación que hizo la Secretaría del Tribunal de Apelaciones. No le asiste la razón al peticionario. Acoger su argumento de que la carta de trámite de la Secretaría del Tribunal de Apelaciones es suficiente, se derrotaría el propósito de la Regla 33 de nuestro reglamento.

Por lo tanto, ante el incumplimiento de la parte peticionaria con la Regla 33 de nuestro reglamento y en ausencia de justa causa, procede la desestimación del recurso. Esto, pues el recurso no se perfeccionó adecuadamente, lo que impide la revisión judicial. Véase, *Cárdenas Maxán v. Rodríguez, supra.*

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones