ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| JOSÉ MELÉNDEZ SÁNCHEZ  Recurrente  V.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | KLRA202500042 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación, Programa y Servicios  Confinado Número: B705-31778  Sobre: Criterios de Elegibilidad |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante *nos*, José Meléndez Sánchez (Meléndez Sánchez o recurrente), quien se encuentra confinado en la institución Ponce Principal Fase 5 P-Rojo #328 y recurre por derecho propio en forma *pauperis.* En su recurso, Meléndez Sánchez nos solicita que revisemos la *Resolución* emitida por la Oficina de Programas y Servicios del Departamento de Corrección y Rehabilitación (DCR o recurrida) el 20 de noviembre de 2024 y notificada el 9 de diciembre de 2024.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *Revisión Judicial* por falta de jurisdicción.

### I.

Surge del expediente ante *nos* que, para el 15 de abril de 2023 el recurrido fue referido para ser evaluado para el Programa de Pre-Reinserción a la comunidad. Posteriormente, para junio de 2024, Meléndez Sánchez fue notificado de que su caso había sido pospuesto debido a un incumplimiento con los Artículos 17, 18 y 19

Número Identificador

SEN2025_____

del Plan de Reorganización Núm. 2 del 2011. Inconforme, el recurrido presentó una solicitud de reconsideración.

Subsiguientemente, el 20 de noviembre de 2024, notificada el 9 de diciembre de 2024, el DCR emitió una *Resolución.* Mediante esta, la parte recurrida determinó que el caso es *No Favorable* para pre-reinserción a la comunidad. Además, el DCR determinó que "[...] previo a ser considerado al MPC para este privilegio nuevamente debe observarse su conducta por un periodo de un (1) año adicional".

Inconforme aun, el 10 de enero de 2025, el recurrente presentó una *Revisión Judicial* en la Oficina de Récord Criminal de la Institución Correccional. Dicho recurso fue recibido en la Secretaria de este Tribunal el 16 de enero de 2025 y mediante este, el recurrido alegó la comisión del siguiente error:

> **Erró el D.C.R. por conducto de la División de Programas y Servicios esto al determinar No Favorable en cuanto al Programa de Pre-Reinserción en virtud de la Orden Administrativa OA-2023-03 esto aludiendo que es necesario un año adicional de observación en los ajustes esto cuando ya se había certificado que este rendía con los requisitos y lo único faltante era el proceso del derecho de las víctimas.**

En atención a ello, el 30 de enero de 2025, emitimos una *Resolución* mediante la cual de concedimos al Procurador General un término de veinte (20) días para que presentara su posición al recurso. Así, el 20 de febrero de 2025, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias".

*Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR ___ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172

DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC y otros, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

De conformidad con lo anterior, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022); *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Así pues, la

desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Mun. de Rincón v. Velázquez Muñiz y otros,* 192 DPR 989, 1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves, supra.* Véase, además, *Yumac Home v. Empresas Massó, supra*; *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

### III.

En el caso de epígrafe, el 10 de enero de 2025, Meléndez Sánchez presentó un recurso de revisión judicial. En su recurso, solicitó la revisión de la *Resolución* emitida por la Oficina de Programas y Servicios del DCR, el 20 de noviembre de 2024 y notificada el 9 de diciembre de 2024.

Así, Meléndez Sánchez manifestó que erró el DCR por conducto de la División de Programas y Servicios al determinar que el caso es *No Favorable* en cuanto al Programa de Pre-Reinserción en virtud de la Orden Administrativa OA-2023-03 esto aludiendo a que es necesario un año adicional de observación en los ajustes, cuando ya se había certificado que este cumplía con los requisitos y lo único faltante era el proceso del derecho a las víctimas.

De conformidad con los hechos aquí reseñados, a partir del 9 de diciembre de 2024, el recurrente disponía de un término de

treinta (30) días para presentar su recurso de revisión judicial. Así, el término vencía el 8 de enero de 2025. No obstante, Meléndez Sánchez presentó su recuso el 10 de enero de 2025; es decir, dos (2) días luego de la fecha límite. Por lo tanto, a la luz del marco jurídico enunciado, el recurso de revisión judicial es tardío y, en consecuencia, no ostentamos jurisdicción para atenderlo.

No debemos perder de perspectiva que, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz, supra.* Esto pues, la presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Íd.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *Revisión Judicial* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones