AUTORIDAD SOBRE HOGARES DE PUERTO RICO, demandante, apelada y apelante, *v.* SATURNINA SAGASTIVELZA ÁLVAREZ, JOHN DOE y RICHARD ROE, o sea los herederos desconocidos de ROSARIO ÁLVAREZ, demandados, apelantes y apelados.

Núm. 10173.—*Sometido:* Mayo 15, 1950.  *Resuelto:* Mayo 23, 1950.

*Rafael B. Pérez Mercado* y *E. Rivera Maldonado,* abogados de la apelante apelada; *Arturo Ortiz Toro,* abogado de Saturnina Sagastivelza Álvarez, apelada apelante.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La Autoridad de Hogares de Puerto Rico radicó ante la Corte de Distrito de Arecibo en 8 de diciembre de 1944 una demanda para expropiar de Saturnina Sagastivelza Álvarez y otros una finca compuesta de 38.24 cuerdas, situada en el término municipal de Utuado.  Tres días más tarde presentó asimismo una declaración de adquisición y entrega material de propiedad, acompañada de un cheque certificado por

la suma de $10,702, que consideraba constituía el valor razonable de la finca a ser expropiada. El mismo día dicha corte dictó resolución declarando que el dominio absoluto de la propiedad descrita en la demanda quedó investido en la demandante desde el momento mismo en que se radicó la declaración de adquisición y se depositó en corte la indicada cantidad. Contestaron los demandados aceptando ciertos hechos, negando otros y levantando algunas defensas especiales que a los fines de esta opinión es innecesario especificar. Aunque de los autos no se desprende claramente, inferimos que fué a virtud de lo dispuesto en el artículo 4 de la Ley 223 de 15 de mayo de 1948, págs. 775, 779, que el caso se trasladó al Tribunal de Expropiaciones de Puerto Rico, el que luego de un juicio en sus méritos, durante el cual desfiló abundante prueba, dictó sentencia en 6 de junio de 1949 declarando definitivamente expropiada la finca objeto del pleito y fijando como indemnización total por la misma y sus accesiones la cantidad de $14,400. De esa sentencia apelaron tanto la demandante como los demandados.

Hallándose la transcripción de autos ante este Tribunal y radicados ya los alegatos de la demandante y de los demandados como apelantes, y el de la primera como apelada, la demandada Saturnina Sagastivelza Álvarez presentó ante este Tribunal una "Moción solicitando reversión del título y posesión de la propiedad", en la cual, luego de reseñar la mayoría de los hechos antes expuestos, alega substancialmente que no obstante haber transcurrido cinco años cuatro meses desde que se radicó la demanda, y nueve meses desde que se dictó sentencia ordenando la expropiación definitiva, la demandante no ha hecho uso de la propiedad objeto de la demanda; que de acuerdo con la sección 7 de la Ley de Expropiaciones de marzo 12 de 1903 (Leyes de 1903, pág. 50; Estatutos Revisados de 1911, pág. 89), según estaba en vigor a la fecha de iniciarse la acción en este caso, si la expropiante no hacía uso de la propiedad expropiada dentro del término de seis meses en caso de que no se señalase tiempo alguno a

contar de la fecha en que se dicte la resolución final, la parte desposeída puede recuperar la propiedad devolviendo la cantidad recibida; (¹) que la demandante no ha hecho uso de la finca definitivamente expropiada en virtud de la sentencia de junio 6 de 1949; y que según la mejor información y creencia de la demandada la demandante ha cedido en arrendamiento la propiedad objeto del pleito a una tercera persona para la siembra de frutos menores, es decir, para un fin extraño a aquél para el cual fué expropiada.

A la anterior moción se opuso la demandante, alegando, entre otras cosas, que en la actualidad el único derecho de una persona a la cual se le han expropiado los bienes es el conferídole por el artículo 1 de la Ley 441 de 14 de mayo de 1947 (pág. 921), según fué enmendado por la Ley 375 de 14 de mayo de 1949 (pág. 1149) consistente en una preferencia a readquirir dichos bienes cuando el poder expropiante "resolviese enajenar, total o parcialmente, los bienes expropiados"; (²) y que para el caso hipotético de que pudiera sostenerse la vigencia de la ley derogada, ella solicitaba la revisión de la interpretación dádale por este Tribunal a la referida

---

(¹) La sección 7 de la Ley de Expropiación Forzosa de 1903, según fué enmendada por la ley de 12 de marzo de 1908 (pág. 98) y conforme rigió hasta que fué derogada por el artículo 3 de la Ley 105 de 7 de mayo de 1948 (págs. 241, 247) proveía que:

"En todos los casos de expropiación forzosa, o de venta, cesión o gravamen voluntario de la propiedad, hecha por el dueño para la realización de una obra de utilidad pública, si no se llevare a cabo dicha obra dentro del término señalado en la concesión o franquicia, o en caso de que en ella no se señalare tiempo alguno, dentro del plazo de seis meses, a contar desde la fecha en que se dicte la sentencia ordenando la expropiación, la parte expropiada o que voluntariamente vendió, cedió o gravó, su dominio, tendrá derecho de acción para recuperar la propiedad expropiada devolviendo el importe recibido."

(²) El artículo 1 de la Ley 441 de 1947, según quedó enmendado por la Ley 375 de 1949, supra, reza en lo esencial así:

"Las personas naturales o jurídicas contra las cuales se hubiere tramitado recurso de expropiación por El Pueblo de Puerto Rico o por cualquiera de sus departamentos, agencias o instrumentalidades, tendrán derecho preferente a readquirir su posesión y título sobre dichas propiedades, cuando El Pueblo de Puerto Rico o el departamento, agencia o instrumentalidad suya que tuviese inscrito a su nombre el título de dicha propiedad resolviese enajenar, total o parcialmente, los bienes expropiados; . . ."

sección 7 en el caso de *Autoridad Sobre Hogares* v. *Corte*, 68 D.P.R. 54.

Poco antes de celebrarse la vista de la anterior moción de la demandada Sagastivelza Álvarez, señalada a instancias de ésta, la demandante radicó una moción complementaria en que alega que este Tribunal carece de jurisdicción para conocer y resolver de la misma en primera instancia como un incidente del recurso.

■ Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez* v. *Tribunal de Distrito*, 70 D.P.R. 656; *López* v. *Pérez*, 68 D.P.R. 312, 315. En su consecuencia, procederemos a discutir en seguida la cuestión jurisdiccional planteada.

■ Por la sección 1 de la Ley titulada "Ley para transformar la Corte Suprema de Puerto Rico en corte de apelación", aprobada en 12 de marzo de 1903, pág. 58 (Estatutos Revisados de 1911, pág. 259) se dispuso "Que el Tribunal Supremo de Puerto Rico constituirá de aquí en adelante un Tribunal de Apelación y no un Tribunal de Casación . . . ." En vista de lo así dispuesto, este Tribunal ha conocido siempre principalmente de recursos de apelación, a tenor de las diversas leyes que autorizan apelaciones para ante nos. Al conocer de tales recursos, reiteradamente hemos dicho que este Tribunal no conocerá ni resolverá ninguna cuestión que no haya sido planteada o resuelta por el tribunal o agencia administrativa de cuya sentencia o resolución se ha apelado. *Figueroa* v. *Guerra*, 69 D.P.R. 607, 615; *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 D.P.R. 525; *Flores* v. *Silva*, 60 D.P.R. 372; *McCormick* v. *McCormick*, 52 D.P.R. 691. ¿Se planteó o resolvió por el Tribunal de Expropiaciones de Puerto Rico la cuestión que ahora se halla ante nos a tenor de la "Moción solicitando reversión del título o posesión de la propiedad" que ahora nos ocupa? Indiscutiblemente que no. Las partes así lo admitieron durante el acto de la vista. En su con-

secuencia, no debemos conocer de tal moción como parte integrante del recurso de apelación que pende ante nos.

■ Por otra parte, si bien este Tribunal tiene jurisdicción original para conocer de determinadas causas, ello siempre ha sido por virtud de legislación expresamente aprobada al efecto. Véanse, entre otras, la sección 2 de la Ley 47 de 7 de agosto de 1935 (Ses. Ext., págs. 531), enmendando la Ley de *quo warranto;* la Ley estableciendo los autos de *mandamus,* inhibitorios, de *certiorari* y de *injunction* (Artículos 649 a 689 del Código de Enjuiciamiento Civil, edición 1933) ; Ley de 10 de marzo de 1904 (pág. 124), confiriendo jurisdicción original a este Tribunal para conocer de los pleitos sobre ciertas propiedades reclamadas por la Iglesia Católica; el artículo 471 del Código de Enjuiciamiento Criminal en relación con el auto de hábeas corpus; la Ley 17 de 10 de junio de 1939 (Ses. Ext., pág. 51) sobre admisión al ejercicio de la abogacía; y la Ley 58 de 29 de abril de 1930 sobre la forma en que pueden ser destituídos los jueces de distrito.

No planteando la moción de la demandada una cuestión para conocer de la cual se nos ha conferido por ley expresamente jurisdicción original, tampoco debemos conocer de dicha moción en primera instancia.

*Se dictará resolución declarando sin lugar la moción.*

El Juez Asociado Sr. Snyder no intervino.