Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| TOMÁS GONZÁLEZ GONZÁLEZ Recurrente | | *Revisión Judicial* procedente de la Oficina de Disciplina de Confinados |
|---|---|---|
| v. | KLRA202400687 | Querella Núm. 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 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrida | | Sobre: Incidente Disciplinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece el señor Tomás González González (señor González González o recurrente), por derecho propio, confinado, mediante recurso de revisión judicial. Solicita la revocación de una *Resolución* emitida por Departamento de Corrección y Rehabilitación (DCR), el 1 de noviembre de 2024. Mediante la referida determinación, se encontró *incurso* al recurrente de haber infringido los Códigos 233 y 208, (desobedecer una orden directa y estar en un área no autorizada, respectivamente), del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,* Reglamento Núm. 9221 de 8 de octubre de 2020 (Reglamento Núm. 9221). En consecuencia, se le impuso como sanción la suspensión del privilegio de visitas y comisaría por treinta (30) días.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

**I. Resumen del tracto procesal**

Surge del expediente ante nuestra consideración que, el 19 de septiembre de 2024, la oficial del DCR Deshley Díaz López (oficial Díaz López

Número Identificador

SEN2025_____

o querellante), presentó un *Informe de Querella de Incidente Disciplinarios* (*Querella*) en contra del recurrente, por hechos presuntamente ocurridos ese mismo día a las 2:10 pm, en la cocina de la institución Anexo Mínima fase 1. En la *Querella,* bajo el inciso que versa sobre la *descripción específica del acto prohibido,* la oficial Díaz López narró que:

> Es para informar que a las 2:10 pm aproximadamente me percato que el confinado Tom[á]s González González del módulo B se encontraba en el área de la cocina sin autorización lo que est[a] que suscribe le indica que no puede estar ahí[,] que se ubique en su módulo lo que no hace caso a las [ó]rdenes que le impartí[,] desobedeciendo una orden directa. Los confinados del módulo B se encontraban haciendo uso ya que hubo problemas con sus alimentos (almuerzo) y cuando termin[ó] de hacer uso (alimentos) en vez de ubicarse en su módulo se fue para la cocina sin autorización. Estando en área no autorizada.

La *Querella* le fue entregada al recurrente el 20 de septiembre de 2024, y el mismo día también se le entregó un documento titulado, *Derechos que le asisten al confinado cuando se le radica un informe disciplinario.*

A raíz de la *Querella* presentada, la Sra. Maritza Santiago Cruz, *Oficial de Querellas,* inició una investigación sobre los hechos alegados en contra del recurrente, que comenzó el 23 de septiembre de 2024. En el *Informe* resultante de dicha investigación fueron recopiladas las declaraciones del recurrente y la de la querellante, además de incluirse el siguiente comentario del investigador:

> Se le advierte los derechos al confinado. Se le orienta referente a los abogados. Alega tener testigo, le indico que me entregue informe del testigo, y me deja saber que le pregunte al oficial Col[ó]n que él había hablado con él para trabajar con él (oficial) lo que le pregunto al oficial y me indica el oficial que lo iba [a] asignar en mantenimiento, pero como tuvo el percance con la oficial no lo llamo para trabajar. Cuando le entregu[é] la citación le pregunt[é] por escrito de los testigo[s] (confinados) me indica que no los [tenía].

Además, se anejaron a la investigación sobre informe disciplinario los siguientes documentos: *Informe Disciplinario, Derechos del Confinado, Parte II Investigación, Reporte de Cargos, Declaración del Querellante, Declaración del Querellado, Documentos Requerido[s] y Fotocopia de Evidencias Obtenidas.*

El 1 de octubre de 2024 el señor González González quedó citado para la vista administrativa, pautada para el 24 de octubre de 2024. Una vez

celebrada dicha vista, el Oficial Examinador del DCR emitió la *Resolución* cuya revocación nos solicita el recurrente, declarándolo *Incurso* de haber infringido los Códigos 233 y 208 del Reglamento Núm. 9221, *supra.* En su *Resolución* el Oficial Examinador enumeró las siguientes determinaciones de hechos:

> Que el día 19 de septiembre de 2024, la querellante Deshly Díaz se encontraba en la institución.
> Que la querellante Díaz le dijo al querellado que no podía estar allí en el área de la cocina.
> Que el querellado hizo caso omiso a la orden de que se ubique en su vivienda.
> Que el querellado se dirige hacia la querellante con intención de faltarle el respeto
> Que el día de la vista el querellado se declaró inocente.

En esa misma fecha, el recurrente presentó una *Solicitud de reconsideración* ante el DCR, que fue declarada *No Ha Lugar* el 20 de noviembre de 2024.

Inconforme, el recurrente acude ante nosotros mediante recurso de *revisión judicial*[1], señalando como error el siguiente:

> [L]a oficial de querellas Sra. Maritza Santiago[,] nunca procedi[ó] a hacer una investigación correspondiente al excluir los testigos sin ning[ú]n fundamento. Violentando el debido proceso de Informe de querella como establece las reglas 6 y 7 del Manual de Reglamentos para Establecer el Procedimiento Di[s]ciplinario de la Poblaci[ó]n Correccional[.] Por lo cual se violó el debido proceso, haciendo de este un proceso nulo.

El 19 de diciembre de 2024 emitimos una *Resolución* ordenando al DCR que nos remitiera copia del expediente administrativo. En efecto, el 2 de enero de 2025 el DCR presentó copia del expediente ordenado, por conducto de la Oficina del Procurador General de Puerto Rico.

## II. Exposición de Derecho

### A. Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida ley, como la jurisprudencia

---

[1] Entre los anejos del recurso se incluyó un escrito, con fecha del 19 de septiembre de 2024, con un testimonio de los presuntos hechos, bajo el nombre de Nelson Cotto Nevárez.

aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T–JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999). Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[2] *Graciani Rodríguez v. Garage Isla Verde, LLC,* 202 DPR 117, 126 (2019); *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 615–616 (2006). Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas. *Metropolitana, SE v. ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo v. Clavell*, 131 DPR 275, 289–290 (1992).

Es por las razones expuestas que las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008); *Vélez v. ARPE*, 167 DPR 684, 693 (2006); *Rivera Concepción v. ARPE*, 152 DPR 116, 123 (2000). La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales, a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. *Misión Ind. PR v. JP*, 146 DPR 64, 130 (1998); *ARPE v. JACL*, 124 DPR 858, 864 (1989).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. De San Juan v. CRIM*, 178 DPR 164, 175 (2010). Por tanto, la revisión judicial de una

---

[2] Los fundamentos aportados en la decisión del Tribunal Supremo Federal en *Loper Bright Enterprises et al.,* v. *Raimondo*, 603 U.S. __ (2024), 144 S.Ct. 2444, cuestionan en lo esencial buena parte de la jurisprudencia que dirige el proceso de revisión por los tribunales de las determinaciones administrativas. Sin embargo, juzgamos que la situación fáctica en el caso ante nuestra atención no nos requiere ahondar sobre el asunto.

determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. D.R.N.A.,* 186 DPR 564, 584 (2012)*; Marina Costa Azul v. Comisión*, 170 DPR 847, 852 (2007).

Por último, como es sabido, el Tribunal de Apelaciones es un foro revisor, no primario, por tanto, corresponde inicialmente al foro revisado tener la oportunidad de adjudicar las controversias, antes de presentarlas al Tribunal de Apelaciones, y de aquí el impedimento general de que consideremos controversias que una agencia administrativa no hubiese tenido oportunidad de aquilatar antes. Véase, *Vera v. Dr. Bravo,* 161 DPR 308, 334-335 (2004); O*rtiz Torres v. K & A Developers, Inc.*, 136 DPR 192, 202 (1994); *Autoridad sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950).

## B. Reglamento Disciplinario para la Población Correccional, Reglamento Núm. 9221.

El Reglamento Núm.9221, *supra,* fue aprobado con el propósito de establecer las disposiciones reglamentarias aplicables a los confinados que cometan o intenten cometer un acto prohibido bajo la jurisdicción del DCR. Regla 3 (11) del Reglamento Núm. 9221, *supra.* A través de este se dispuso de un mecanismo para imponer medidas disciplinarias en las instituciones correccionales, mientras se le garantiza un debido proceso de ley a los confinados. Regla 3, Reglamento Núm. 9221, *supra.*

En lo pertinente, entre los actos prohibidos en el referido Reglamento se encuentran:

> **(135) Desobedecer una orden Directa**: Consiste en desobedecer, ignorar o rehusarse a seguir una orden directa v[á]lida emitida por parte de un empleado. Además, incluye:
> a. Resistirse o negarse a un traslado ordenado por el Departamento de Corrección y rehabilitación;
> b. Rehusarse o negarse a despejar o abandonar un área con anterioridad a, o en la cual se esté llevando a cabo un motín o revuelta, insurrección, disturbio o riña, cuando el miembro de la población correccional tiene la capacidad para abandonar el lugar;
> c. Si el miembro de la población correccional es sorprendido en posesión ilegal de un teléfono celular o sustancia controlada y éste no obedece, se entenderá una falta grave. Adicionar a la mera posesión del teléfono celular o sustancia controlada. Regla 15 del Reglamento Núm. 9221, *supra.*

Por su parte, la Regla 31 del Reglamento Núm. 9221, *supra,* rige lo concerniente a la presentación de testigos durante la vista ante el Oficial Examinador. Al respecto, dispone lo siguiente:

1. El Oficial Examinador y el miembro de la población correccional querellado podrán solicitar la presencia de testigos que tengan información pertinente y estén razonablemente disponibles.
2. En aquellos casos en los que el testigo sea excluido, ya sea por declaración o en persona, la base de esta exclusión debe ser documentada por el Oficial Examinador.
3. No será necesaria ni se solicitará la comparecencia de testigos para presentar evidencia repetitiva, ni testigos adversos, cuando su conocimiento sobre el incidente surja de manera clara de la querella disciplinaria, documentos complementarios o del informe del Oficial de Querellas.
4. La presencia del querellante en la vista disciplinaria es un asunto oficial de estricto cumplimiento, cuando así sea requerido.
5. Si durante el proceso de vista administrativa surge alguna duda adicional relacionada a la querella disciplinaria o a la declaración de algún testigo, se podrá requerir la presencia en la vista disciplinaria.
6. El miembro de la población correccional imputado de un acto prohibido tendrá el derecho de presentar prueba y declaraciones de testigos a su favor, siempre y cuando no entre en riesgo la seguridad de la institución, la del miembro de la población correccional perjudicado o la de cualquier otra persona.

### III. Aplicación del Derecho a los hechos

A través de su escrito el recurrente le imputa al DCR haberle violado su derecho a un debido proceso durante la investigación y vista administrativa, pues excluyó a sus testigos, sin ningún fundamento. En este sentido, el recurrente aduce haber contado con unos testigos para demostrar que estaba autorizado a encontrarse en el área de la cocina de la institución, de donde le requirieron salir, y que dio lugar a la Querella, pero no se los permitieron utilizar.

Sin embargo, contrario a lo manifestado por el recurrente, lo cierto es que, entre otras, en la *Resolución* emitida tras la *Petición de Reconsideración,* el DCR precisó que "en el expediente administrativo se establece que el confinado querellado no solicitó testigos". De modo que, partiendo del precepto doctrinal que indica que la determinación administrativa se presume correcta, junto al hecho de que el recurrente no nos ha colocado en posición para considerar que la *Resolución* recurrida fuera irrazonable o arbitraria, ni que la evidencia sustancial que obra en el expediente fuera insuficiente para sostener la *Resolución* recurrida, debemos *Confirmar.* Veamos.

Comenzamos por resaltar que la Regla 31 del Reglamento Núm. 9221, *supra*, reconoce y rige lo relacionado al derecho de los confinados a la presentación de testigos durante una vista ante el Oficial Examinador. En suma, el primer inciso de dicha regla dispone que tanto el Oficial Examinador como el confinado pueden solicitar la presencia de los testigos que tengan información pertinente y están razonablemente disponibles. Además, en los casos en que el testigo sea excluido, el segundo inciso establece que la base de la exclusión debe ser documentada por el Oficial Examinador. A pesar de lo anterior, evaluada la totalidad del expediente, no encontramos que el recurrente hubiese reclamado oportunamente el derecho a la citación de testigos a su favor para la vista administrativa disciplinaria.

Según expusimos anteriormente, en el *Informe* se incluyó el siguiente comentario de la investigadora:

Se le advierte los derechos al confinado. Se le orienta referente a los abogados. Alega tener testigo, le indico que me entregue informe del testigo, y me deja saber que le pregunte al oficial Col[ó]n que él había hablado con él para trabajar con él (oficial) lo que le pregunto al oficial y me indica el oficial que lo iba [a] asignar en mantenimiento, pero como tuvo el percance con la oficial no lo llamo para trabajar. **Cuando le entregu[é] la citación le pregunt[é] por escrito de los testigo[s] (confinados) me indica que no los [tenía].** (Énfasis provisto).

De aquí, y amparados en el principio de la deferencia administrativa, es razonable concluir que del expediente administrativo surge que el recurrente no le solicitó propiamente al DCR la inclusión de testigos a su favor. Es decir, que requerido por la investigadora de los hechos, el recurrente no le facilitó el escrito con los nombres de los presuntos testigos que le resultarían favorables. A ello añadimos que, por primera vez en la *Petición de Recon[s]ideración*, en su párrafo 11, el recurrente manifestó que "[l]a oficial de querellas Santiago Núm. placa 7784 [n]o cit[ó] el d[í]a de la vista a los testigos[:] Nelson Cotto Nev[árez] ni present[ó] declaraci[ó]n del oficial correccional Colón[,] maestro de obra". Sin embargo, no acompañó su petición de reconsideración con evidencia sustancial que sostuviese que solicitó la citación de testigos a su favor, como tampoco arguyó que dicho reclamo fuera levantado durante la vista administrativa disciplinaria en la que participó y se le encontró *Incurso* por las faltas imputadas.

Mayor aun, la única pieza de evidencia que ostentamos de la existencia de uno de los dos testigos que el recurrente alega fueron excluidos sin justificación alguna, es el anejo que se acompañó al presente recurso, comprendido por un escrito con fecha del 19 de septiembre de 2024, en el que está el presunto testimonio sobre los hechos, bajo el nombre de Nelson Cotto Nevárez. Sobre tal escrito, valga aclarar que, ordenado al DCR que sometiera copia del expediente administrativo, y una vez este fue sometido, al revisarlo encontramos que el aludido escrito no formó parte del expediente administrativo original, por lo que estamos imposibilitados de tomarlo en consideración en esta etapa apelativa.

Según esbozamos, somos un foro revisor, no primario, por tanto, corresponde inicialmente al foro revisado tener la oportunidad de adjudicar

las controversias que se les presente, antes de que sean consideradas por este Tribunal de Apelaciones, y de aquí el impedimento general a que consideremos controversias que una agencia administrativa no tuvo oportunidad de aquilatar antes. Véase, *Vera v. Dr. Bravo,* supra, págs. 334-335; O*rtiz Torres v. K & A Developers, Inc.*, supra, pág. 202; *Autoridad sobre Hogares v. Sagastivelza*, supra, pág. 439.

En definitiva, y considerados los asuntos que preceden, nos resulta claro que el recurrente falló en demostrar que la *Resolución* recurrida, y la consecuente imposición de una medida disciplinaria, fuera irrazonable o arbitraria, ni que la evidencia sustancial que obra en el expediente fuera insuficiente para sancionarlo por los actos prohibidos, ni de que se le violentara el debido proceso de ley en el curso seguido. Mayor aún, el recurrente cuestionó la determinación de la agencia administrativa, negando los hechos alegados en su contra, sin señalar prueba que obrara en el expediente administrativo que sirviera para menoscabar la presunción de corrección que reviste la determinación recurrida.

## IV. Parte dispositiva

Por los fundamentos que anteceden, se *confirma* el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones