ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| FERNANDO RAMOS RIVERA<br><br>Recurrente<br><br>v.<br><br>ESTADO LIBRE ASOCIADO<br><br>Recurrido | KLRA202500103 | *Revisión Administrativa*<br><br>Caso núm.:150101<br><br><br>Sobre: Reconsideración |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de marzo de 2025.

Comparece por derecho propio el señor Fernando Ramos Rivera (Sr. Ramos; el recurrente) mediante el escrito titulado *Declaración en apoyo de solicitud para litigar como indigente en forma pauperis*, radicado como un recurso de revisión judicial.

Adelantamos que se desestima el recurso por falta de jurisdicción sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**I**

El Sr. Ramos nos expone en su escrito que se encuentra confinado en la institución Guayama-500 del Departamento de Corrección y Rehabilitación (DCR), también denominada Complejo Correccional Anexo-500, localizada en Guayama, Puerto Rico cumpliendo una sentencia de 49 años y 6 meses, que tiene 65 años, y que ha cumplido 19 años en reclusión, por los "delitos [identificados como en los artículos 142, 155, 195, 5.04 y 5.15]", y nos expone lo siguiente:

1. que, en cumplimiento de la Ley Núm. 17 de 11 de marzo de 1912 (32 LPRA sec. 1482) y por razón de su situación económica, está imposibilitado de pagar los derechos y aranceles de esta acción, y que su reclamación es meritoria;

Número Identificador
RES2025_____

2. expone que todos estos años de reclusión ha tenido una excelente conducta, ha tomado tratamientos de drogas y alcohol, control de impulsos, el programa de N.E.A., y terapias sociológicas con diferentes sicólogos;

3. añade que ha tomado talleres educativos como barbería, ha trabajado de electricista y en cocina y otras labores, siempre con disciplina, y que se ha beneficiado de los planes correccionales que le han ofrecido en las distintas instituciones en las que ha estado recluido;

4. expone que los delitos antes mencionados fueron por primera vez, y que antes se dedicaba a trabajar honradamente, que fue una buena persona, buen hijo y ciudadano.

Finalmente, el Sr. Ramos nos solicita que se atienda este recurso en reconsideración, a los fines de verificar su plan institucional y que se le conceda una oportunidad para "estar bajo palabra o en un plan de desvío." El recurrente no presenta documento alguno en apoyo a su reclamo ante este Tribunal de Apelaciones.

## II

### A. Jurisdicción

La jurisdicción se ha definido como "el poder o la autoridad que posee un tribunal para considerar y decir un caso o controversia". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009), que cita a *ASG v. Mun. San Juan*, 168 DPR 337, 343 (2006). Así, los tribunales tienen el deber ineludible de auscultar su propia jurisdicción. En el caso de los tribunales apelativos, debemos examinar la jurisdicción del foro de donde procede el recurso. Como guardianes celosos de nuestra jurisdicción, estamos obligados a considerarla, aun en ausencia de algún señalamiento de las partes al respecto. *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 22-23 (2011), que cita a *S.L.G. Szendry-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Por tanto, "[l]as cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y **de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo**". (Énfasis nuestro.) *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950); véase, *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Al hacer esta determinación, sólo resta desestimar

la reclamación sin entrar en los méritos de la cuestión ante sí". *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989).

En armonía con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), concede a este foro revisor la facultad de desestimar un recurso a iniciativa propia por los siguientes fundamentos:

1. que el Tribunal de Apelaciones carece de jurisdicción;
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o de buena fe;
4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
5. que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-B, R. 83 (B).

**B. La revisión judicial de resoluciones finales administrativas**

En nuestro ordenamiento jurídico, la Ley Núm. 38 del 30 de junio de 2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9601, *et seq.* (LPAU) es el estatuto aplicable a todos los procedimientos administrativos conducidos ante todas las agencias, incluyendo la agencia recurrida: el DCR. Véase, Sección 1.4 de la LPAU, 3 LPRA. sec. 9604. En lo pertinente al caso que nos ocupa, la Sección 4.2 de la LPAU, 3 LPRA sec. 2172, dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sec. 2165 de este título [...]. (Énfasis nuestro.)

Conforme a lo antes expuesto, **es requisito que la parte haya agotado todos los remedios disponibles en el DCR** y que **la base para la revisión judicial sea la orden o resolución final**, de conformidad con el procedimiento administrativo provisto por la agencia. Lo que se exige es que la disposición sea final a los efectos de que la misma refleje la posición del DCR, ponga fin a las controversias presentadas y tenga

efectos sustanciales sobre las partes. *A.E.E. v. Rivera*, 167 DPR 201 (2006); *Padilla Falú v. A.V.P.*, 155 DPR 183, 189-190 (2001).

En resumen, los dos requisitos para que las órdenes o resoluciones emitidas por el DCR puedan ser revisadas por este Tribunal son los siguientes: 1) que la resolución sea final y no interlocutoria; y 2) que la parte adversamente afectada por la orden o resolución haya agotado los remedios provistos por la agencia. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 543 (2006), que cita a *Procuradora Paciente v. MCS*, 163 DPR 21, 34-35 (2004).

**III**

En la presente causa, el Sr. Ramos nos solicita verificar su plan institucional y que se le conceda una oportunidad para estar bajo palabra o en un plan de desvío. En el recurso presentado ante nuestra consideración, no surge que el recurrente haya cumplido con el procedimiento descrito. El recurso no contiene copia de ningún dictamen administrativo final del DCR que pueda ser revisable. En consecuencia, una vez decretamos nuestra ausencia de jurisdicción, sólo procede que desestimemos el recurso, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción. Se releva de presentar arancel de presentación por razón de indigencia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones