ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>HÉCTOR GONZÁLEZ CARRANZA<br><br>Peticionario | KLCE202500295 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso núm.: CBD2024G0115<br><br>Sobre: Art. 67 C.P. |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, el 21 de mayo de 2025.

Comparece por derecho propio y en *forma pauperis* el señor Héctor González Carranza (Sr. González; peticionario) mediante un recurso de *certiorari* y nos solicita que revisemos una orden del 28 de febrero de 2025 emitida por el Tribunal de Primera Instancia, Sala de Arecibo (TPI) que declaró no ha lugar una moción bajo el Artículo 67 del Código Penal.

Adelantamos que se deniega la expedición del auto de *certiorari* por falta de jurisdicción, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**I**

El peticionario nos expone que está cumpliendo, en la Institución 304, Edif. 6A1, en Aguadilla, del Departamento de Corrección de Puerto Rico (DCR). Informa que envió una moción con el argumento que dicho Artículo 67, antes citado, establece que el foro sentenciador puede tomar en consideración la existencia de circunstancias atenuantes en el caso para reducir

hasta un 25% de la pena fija establecida. Señala que tiene conocimiento de que algunos Tribunales tienen una interpretación distinta del citado Artículo 67, y que se le aplicaron atenuantes, pero no con el 25 % como lo interpreta el Artículo 67.

El Sr. González nos solicita que se declare con lugar su moción sobre el Artículo 67. El peticionario no presenta documento alguno en apoyo a su reclamo ante este Tribunal de Apelaciones.

## II

### A. Certiorari

El recurso de *certiorari* está regulado por la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40. Aunque se trata de un recurso discrecional, la Regla 40, *supra*, esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari* como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 L.P.R.A. Ap. XXII-B, R. 40.

Por tanto, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[1] sino que el tribunal revisor debe ceñirse a los criterios antes transcritos.

### B. Jurisdicción

---

[1] *Rivera Figueroa v. Joe's European Shop*, 183 D.P.R. 580, 596 (2011).

La jurisdicción se ha definido como "el poder o la autoridad que posee un tribunal para considerar y decir un caso o controversia". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009), que cita a *ASG v. Mun. San Juan*, 168 DPR 337, 343 (2006). Así, los tribunales tienen el deber ineludible de auscultar su propia jurisdicción. En el caso de los tribunales apelativos, debemos examinar la jurisdicción del foro de donde procede el recurso. Como guardianes celosos de nuestra jurisdicción, estamos obligados a considerarla, aun en ausencia de algún señalamiento de las partes al respecto. *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 22-23 (2011), que cita a *S.L.G. Szendry-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Por tanto, "[l]as cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y **de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo.**" (Énfasis nuestro.) *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950); véase, *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Al hacer esta determinación, sólo resta desestimar la reclamación "sin entrar en los méritos de la cuestión ante sí." *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989), que cita a *Autoridad Sobre Hogares v. Sagastivelza, supra.*

En armonía con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C**), concede a este foro revisor la facultad de denegar la expedición de un auto de *certiorari*, a iniciativa propia** por los siguientes fundamentos:

1. que el Tribunal de Apelaciones **carece de jurisdicción**;
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o de buena fe;
4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que

ha sido interpuesto para demorar los procedimientos;
5. que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-B, R. 83 (B).

**III**

El Sr. González nos solicita que revisemos una orden del 28 de febrero de 2025 emitida por el Tribunal de Primera Instancia, Sala de Arecibo (TPI) que declaró no ha lugar una moción bajo el Artículo 67 del Código Penal. El peticionario no incluye copia de la orden de la cual recurre, lo que nos priva de ejercer nuestra jurisdicción. En consecuencia, una vez decretamos nuestra ausencia de jurisdicción, sólo procede denegar la expedición del auto discrecional solicitado, bajo lo dispuesto en la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, antes citada.

**IV**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado en el recurso ante nuestra consideración, por falta de jurisdicción. Se releva de presentar arancel de presentación por razón de indigencia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones