ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| VÍCTOR ADOLFO MARCIAL VEGA, IVETTE DE LOS ÁNGELES MARCIAL VEGA, IVONNE MARÍA MARCIAL VEGA, JUAN CARLOS MARCIAL VEGA Y MARÍA EUGENIA MARCIAL VEGA<br><br>Parte Apelada<br><br>v.<br><br>MARÍA IVELISSE MARTÍNEZ COLÓN, CHIARA IVELISSE MARCIAL MARTÍNEZ, VÍCTOR MANUEL MARCIAL MARTÍNEZ Y LUISA VANESSA MARCIAL VEGA<br><br>Parte Apelante | TA2026AP00085 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K AC2016-0064<br><br>Sala: 802<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece ante *nos*, Luisa Vanessa Marcial Vega (apelante) y nos solicita que revisemos y revoquemos una *Sentencia* emitida el 22 de diciembre de 2025 y notificada el 23 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la solicitud de partición de herencia y, en consecuencia, ordenó acoger el Cuaderno Particional Final que realizó la Contadora Partidora.

Por los fundamentos que exponemos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

Surge del expediente ante nuestra consideración que, el 12 de febrero de 2016, Víctor A. Marcial Vega, Ivette de los Ángeles Marcial Vega, Ivonne María Marcial Vega, Juan Carlos Marcial Vega y María

Eugenia Marcial Vega incoaron una *Demanda* sobre partición de herencia, remoción de albacea y nombramiento de administrador judicial en contra de María Ivelisse Martinez Colón, Chiara Ivelisse Marcial Martínez, Víctor Manuel Marcial Martínez y Luisa Vanessa Marcial Vega (apelados). A grandes rasgos, adujeron que el 27 de septiembre de 2008, el Dr. Víctor Marcial Burgos otorgó un Testamento Abierto ante la Notario Rosario del Pilar Fernández Vera, en el cual nombraba a su cónyuge María Ivelisse Martinez Colón como Albacea Testamentaria.

Arguyeron que el 7 de diciembre de 2013, el Dr. Víctor Marcial Burgos falleció y como consecuencia, el 29 de enero de 2014, María Ivelisse Martínez Colón, solicitó al Tribunal que se expidieran las Cartas Testamentarias. Alegaron que María Ivelisse Martínez Colón ha incumplido con los deberes del cargo y que el término para ejercer el mismo expiró el 8 de diciembre de 2015. Consecuentemente, solicitaron que María Ivelisse Martínez Colón fuera removida de su cargo de albacea y en su lugar, fuera designado un administrador judicial. Además, solicitaron que se designara un contador-partidor para los trámites pertinentes y dirigidos a la partición de la herencia.

El 7 de abril de 2016, María Ivelisse Martínez Colón presentó una *Contestación a la Demanda* y dos *Reconvenciones*. Al día siguiente, María Ivelisse Martínez Colón presentó una *Demanda Contra Coparte* en contra de la parte apelante.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 7 de julio de 2022, el foro primario emitió una *Orden Designando Comisionada Especial Enmendada* mediante la cual designó a la Lcda. Heydee Pagani Padró como contadora partidora. Posteriormente, el 10 de julio de 2024, el TPI emitió una *Sentencia Parcial* mediante la cual, entre otras cosas, desestimó la reclamación sobre remoción de albacea y designación de administrador judicial.

Así las cosas, el 3 de febrero de 2025, la Contadora Partidora presentó el primer borrador del Cuaderno Particional. El 6 de mayo de 2025, Víctor A. Marcial Vega, Juan Carlos Marcial Vega y María Eugenia Marcial Vega presentaron una *Posición de los Codemandantes al Primer Borrador de Cuaderno Particional y Designación de Tasador* mediante la cual fijaron su posición en cuanto al propuesto cuaderno particional.

Así pues, el 1 de agosto de 2025, los apelados presentaron una *Moción Solicitando Que Se Acoja el Cuaderno Particional y Se Emita Sentencia de Partición.* El 12 de agosto de 2025, Víctor A. Marcial Vega, Juan Carlos Marcial Vega y María Eugenia Marcial Vega presentaron una *Oposición a Moción Para Que Se Acoja el Cuaderno Particional.* En esta, argumentaron que la Contadora Partidora no se había expresado sobre las objeciones al Cuaderno Particional. Además, señalaron que no se les ha notificado las tasaciones de todas las propiedades inmuebles incluidas en el Cuaderno Particional; por lo cual, es improcedente que se dicte sentencia sin que la Contadora Partidora se haya expresado sobre los asuntos planteados. Ese mismo día, el foro primario ordenó a la Contadora Partidora actualizar el Cuaderno Particional.

Subsiguientemente, el 19 de septiembre de 2025, la Contadora Partidora presentó un Cuaderno Particional Actualizado. Así, el 6 de octubre de 2025, los apelados presentaron una *Moción en Cumplimiento de Orden y Sobre Cuaderno Particional Actualizado.* Expresaron que coincidían con los activos reportados en el Cuaderno Particional Actualizado y con los valores de estos. Asimismo, afirmaron que estaban de acuerdo con las participaciones de los herederos según establecidas por la Contadora Partidora; sin embargo, propusieron una leve modificación a la liquidación y distribución a los fines de beneficiar a todos los herederos por igual.

Entretanto, el 7 de octubre de 2025, la apelante presentó una *Moción en Cumplimiento de Orden y Solicitando Orden.* En la misma,

razonó que la Contadora Partidora no ha cumplido con el proceso que impone el Artículo 603 del Código de Enjuiciamiento Civil, pues no ha fijado día, hora y lugar para la división, notificando a las partes interesadas. Asimismo, dispuso que el Cuaderno Particional Actualizado no contiene un avalúo de los bienes inmuebles del caudal hereditario, por lo que el mismo no puede ser aceptado.

Por su parte, el 14 de octubre de 2025, Víctor A. Marcial Vega, Juan Carlos Marcial Vega y María Eugenia Marcial Vega presentaron una *Moción Exponiendo Posición Sobre Cuaderno Particional Actualizado* mediante la cual alegaron que el Cuaderno Particional Actualizado no cumplía con los requisitos establecidos en el Artículo 603 del Código de Enjuiciamiento Civil. Oportunamente, el 22 de diciembre de 2025, notificada el 23 de diciembre de 2025, el TPI emitió una *Sentencia* mediante la cual declaró *Ha Lugar* la solicitud de partición de herencia y, en consecuencia, ordenó acoger el Cuaderno Particional Final que realizó la Contadora Partidora. Además, declaró *No Ha Lugar* la *Moción en Cumplimiento de Orden y Solicitando Orden* que presentó la apelante.

Inconforme, el 22 de enero de 2026, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ EL TPI AL ACOGER COMO CUADERNO PARTICIONAL FINAL UN CUADERNO QUE SOLO CONTIENE UNA DIVISIÓN Y ADJUDICACIÓN PARCIAL Y NO DE LA TOTALIDAD DEL CAUDAL HEREDITARIO COMO REQUIERE EL CÓDIGO DE ENJUICIAMIENTO CIVIL.**

> **SEGUNDO ERROR: ERRÓ EL TPI AL RESOLVER QUE LA CONTADORA PARTIDORA NO TENÍA QUE CUMPLIR CON LOS DEBERES QUE CONLLEVA EL CARGO CONFORME A LOS ARTÍCULOS 600 AL 604 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL POR TRATARSE DE UN PLEITO DE CARÁCTER CONTENCIOSO.**

El 26 de enero de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. En cumplimiento con dicha directriz, el 13 de febrero de 2026, la parte apelada presentó un *Alegato en Oposición a Apelación* junto a una *Moción de Desestimación por Deficiencias del Recurso*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

## A. División y partición de la herencia

El Artículo 1005 del Código Civil de 1930 disponía que:

[n]ingún coheredero podrá ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohíba expresamente la división. Esta prohibición no alcanzará a los bienes que constituyen la legítima de los herederos. En todo caso, la división tendrá siempre lugar mediante alguna de las causas por las cuales se extingue la sociedad. (31 LPRA ant. sec. 2857).

Así, cuando los herederos mayores de edad no se entendieren sobre el modo de hacer la partición, quedará a salvo su derecho para que lo ejerciten en la forma prevenida en los preceptos sobre procedimientos legales especiales. Artículo 1012 del Código Civil de 1930 (31 LPRA ant. sec. 2878).

Cónsono con esto, el Artículo 600 del Código de Enjuiciamiento Civil dispone que:

[c]uando un albacea o administrador estuviere en posesión de todo el caudal, y hubiese satisfecho o tuviese en su poder bienes bastantes para satisfacer las deudas y gastos de la administración, deberá pedir al Tribunal de Primera Instancia el nombramiento de un contador para practicar la división de la herencia, siempre que el testador no lo haya nombrado en su testamento. (32 LPRA sec. 2621).

Al contador-partidor, ya sea nombrado por el testador, ya por el Tribunal de Primera Instancia, se le darán los datos necesarios para el avalúo, liquidación, división y distribución del caudal hereditario. Artículo 601 del Código de Enjuiciamiento Civil (32 LPRA sec. 2622). Así pues, la aceptación del nombramiento por parte de un comisionado dará derechos a todos y cada uno de los interesados para obligarle a que cumpla su cargo en el término que

racionalmente se estime necesario, teniendo en consideración la importancia y dificultad de la división; y, si dejare de hacerlo, podrá cualquiera de las partes solicitar del juez del Tribunal de Primera Instancia un auto ordenándole que lo haga. Artículo 602 del Código de Enjuiciamiento Civil (32 LPRA sec. 2623).

Consecuentemente, el Artículo 603 del Código de Enjuiciamiento Civil dispone que:

> [e]l comisionado fijará día, hora y lugar para la división notificando al efecto a las partes interesadas. A la hora y en el lugar designados, y asistido por las partes, tendrá facultad para examinar testigos y peritos. Presentará una relación de los bienes partibles, con el avalúo de todos los comprendidos en ella, y en su informe, que deberá suscribir, indicará la manera equitativa y justa en que puede distribuirse el caudal entre los que tengan derecho a la sucesión, y si opinare que no es posible llevar a cabo tal división sin que medie una venta, hará constar esta circunstancia en su informe, y propondrá una venta judicial y la repartición del producto. Entregará su informe al secretario del tribunal y cualesquiera de las partes podrá pedir que se confirme, notificándole a las demás partes con ocho (8) días de anticipación. Si dentro de los ocho (8) días de notificada la presentación del informe éste no fuere impugnado, el juez del Tribunal de Primera Instancia lo confirmará y ordenará que se proceda a la partición, división o distribución, de acuerdo con dicho informe. Si se presentare la oposición al informe, cualquiera de las partes podrá pedir la vista ante el tribunal de los autos, dando de ello aviso a las demás con cinco (5) días de anticipación; y el juez, oídas las partes por medio de sus letrados, admitirá o desestimará las impugnaciones, confirmando o rechazando el informe, o devolviéndolo para que se enmiende. Si se impugnare el informe por haber mediado soborno, conspiración, fraude o conducta reprochable en el procedimiento, y hubiere motivos fundados para creer justificada la acusación, el juez destituirá al comisionado, mandará que se entregue copia de los autos al fiscal del Tribunal de Primera Instancia. (32 LPRA sec. 2624).

**III.**

En su recurso, la parte apelante planteó que erró el TPI al acoger como Cuaderno Particional final un cuaderno que solo contiene una división y adjudicación parcial y no de la totalidad del caudal hereditario como requiere el Código de Enjuiciamiento Civil. *No tiene razón.*

De una lectura detallada del expediente ante nuestra consideración, específicamente de la *Moción en Cumplimiento de Orden y Solicitando Orden* que presentó la parte apelante el 7 de octubre de 2025, podemos colegir que, esta tan solo alegó el incumplimiento con el Artículo 603 del Código de Enjuiciamiento

Civil, *supra,* por no haberse fijado el día, la hora y lugar para la división de la herencia. Además, señaló que el Cuaderno Particional Actualizado no contenía un avalúo de los bienes del caudal hereditario, por lo que no podía ser aceptado. Sin embargo, la parte apelante no realizó ninguna objeción ante el foro primario mediante la cual estableciera que bienes muebles y/o inmuebles faltaban en el Cuaderno Particional Actualizado, lo que lo convertiría en una división y adjudicación parcial. Por consiguiente, al no haberse presentado dicho argumento en el tribunal de instancia, no procede atenderlo a nivel apelativo. Véase, *Ortiz Torres v. K & A Developers, Inc.,* 136 DPR 192 (1994) citando a *Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436 (1950).

En su segundo señalamiento de error, la parte apelante arguyó que erró el TPI al resolver que la Contadora Partidora no tenía que cumplir con los deberes que conlleva el cargo conforme a los Artículos 600 al 604 del Código de Enjuiciamiento Civil, por tratarse de un pleito de carácter contencioso. Sostuvo que, no es aceptable que se apruebe un cuaderno particional final cuando no hay tasaciones actualizadas. Indicó, además, que falta la tasación de activos, bienes muebles como cuadros, acciones, créditos y la consideración de ciertas deudas.

De una lectura desapasionada de la *Sentencia* apelada, podemos determinar que el foro primario no incidió al dictar la misma acogiendo el Cuaderno Particional Actualizado. Es importante hacer notar, en primer lugar, que el pleito de marras comenzó en el año 2016. Por lo tanto, transcurridos más de diez (10) años debería ser el interés de las partes culminar el proceso sin dilaciones innecesarias y con alegaciones infundadas.

En el caso ante *nos*, el 3 de febrero de 2025, la Contadora Partidora presentó el primer borrador del Cuaderno Particional. Subsiguientemente, el 6 de mayo de 2025, Víctor A. Marcial Vega, Juan Carlos Marcial Vega y María Eugenia Marcial Vega presentaron una *Posición de los Codemandantes al Primer Borrador*

*de Cuaderno Particional y Designación de Tasador* mediante la cual fijaron su posición en cuanto al propuesto cuaderno particional. La apelante no presentó ninguna posición al primer borrador del Cuaderno Particional.

No fue sino hasta presentado el Cuaderno Particional Actualizado, que la parte apelante fijó una escueta oposición y alegó que el mismo no contenía un avalúo de los bienes del caudal hereditario, por lo que no podía ser aceptado. Sin embargo, de una revisión del Cuaderno Particional Actualizado podemos concluir que los activos del caudal, entiéndase, el efectivo, inversiones, cuentas por cobrar, acciones corporativas y en cooperativas, tienen su valor económico. Asimismo, a los bienes muebles les fue adjudicado su valor económico mediante tasación y/o mediante el valor indicado en la planilla de caudal relicto. Dicha valoración no fue objetada oportunamente por la parte apelante. El avalúo que no se realizó fue con relación a los bienes muebles del apartamento de Ocean Park, puesto que el tribunal ordenó su entrega y no se ha cumplido con lo ordenado.

Es importante hacer notar que, aun cuando la Contadora Partidora venía obligada a darle cumplimiento a los requisitos establecidos en el Código de Enjuiciamiento Civil, no es menos cierto que las partes también delegaron en el foro primario, al presentar la *Demanda*, la partición y adjudicación de la herencia. Por lo tanto, ante las múltiples oportunidades que les brindó el TPI a las partes para expresarse, así como, el silencio de la parte apelante al solicitar la vista establecida en el Artículo 603 del Código de Enjuiciamiento Civil, *supra*, debemos concluir que el Cuaderno Particional Actualizado y la *Sentencia* apelada cumplieron con los postulados establecidos en nuestro ordenamiento jurídico.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones