Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| ISLA VERDE HOLDINGS, LLC<br><br>Parte Demandante<br><br>v.<br><br>GOLDEN RE, LLC, GOLDEN DEBT, LLC, SR. RAMÓN CALDERÓN (PRESIDENTE) ISLA VERDE HOLDINGS LLC Y OTROS<br><br>Parte Demandada | TA2025RE00002 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DO2018CV00096<br><br>Sobre: Incumplimiento de Contrato, Cumplimiento Específico de Contrato, Dolo, Daños |

Panel integrado por su presidenta, la Jueza Romero García, la Jueza Díaz Rivera y el Juez Monge Gómez.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de agosto de 2025.

Comparece ante *nos*, Isla Verde Holdings, LLC., Ramón Calderón, Holsum of Puerto Rico, Inc., y Pueblo, Inc., (en conjunto, los demandantes), mediante una *Petición de Mandamus* en la cual solicitan que se ordene al Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón a través de la Hon. Sara Y. Rosado Morales, a resolver una *Moción de Sentencia Sumaria Parcial* presentada el 26 de agosto de 2024 y la *Oposición a Moción de Sentencia Sumaria Parcial* presentada el 27 de septiembre de 2024.

Por los fundamentos que expondremos a continuación, se desestima la *Petición de Mandamus* por académico.

### I.

El 27 de julio de 2018, Isla Verde Holdings, LLC. presentó una *Demanda* en contra de Golden Debt, LLC. y Golden RE, LLC. (en conjunto, los demandados), sobre incumplimiento de contrato, dolo

contractual, cumplimiento específico y daños y perjuicios. En igual fecha, Isla Verde Holdings, LLC. presentó una *Urgente Solicitud de Remedio Provisional: Prohibición de Enajenar.* Luego de varios incidentes procesales, innecesarios pormenorizar, el 9 de octubre de 2018, Golden Debt, LLC. y Golden RE, LLC. presentaron una *Contestación a la Demanda y Reconvención.*

Así las cosas, el 23 de septiembre de 2019, Golden Debt, LLC. y Golden RE, LLC. presentaron una *Demanda Contra Terceros* en contra de Ramón Calderón, Holsum of Puerto Rico, Inc., y Pueblo, Inc. En vista de ello, el 27 de diciembre de 2019, Holsum of Puerto Rico, Inc., presentó una *Contestación a Demanda Contra Terceros.* Asimismo, el 2 de enero de 2020, Ramón Calderón y Pueblo, Inc., presentaron una *Contestación a Demanda Contra Terceros.* Posteriormente, el 9 de octubre de 2020, Isla Verde Holdings, LLC. presentó una *Demanda Enmendada.* Mediante esta, añadió como demandados a Greene Family Bridgehampton, LLC., PDP Holdings, LLC., EDSE y al Lcdo. David Efrón. Además, añadió causas de acción por interferencia torticera con relaciones contractuales, contratos en daño a terceros, promesa bilateral de compraventa y para descorrer el velo corporativo.

Iniciado el descubrimiento de prueba, el 26 de agosto de 2024, la parte demandante presentó una *Moción de Sentencia Sumaria Parcial.* Ante ello, el 27 de septiembre de 2024, la parte demandada presentó una *Oposición a Moción de Sentencia Sumaria Parcial.* El 30 de septiembre de 2024, el foro primario emitió una *Orden* mediante la cual dispuso que la solicitud de sentencia sumaria y su oposición habían quedado sometidas ante la consideración del Tribunal. Luego de varios trámites procesales, el 13 de febrero de 2025, la parte demandante presentó una *Moción Reiterando Moción de Sentencia Sumaria Parcial […].*

Así, el 30 de julio de 2025, la parte demandante compareció ante *nos* mediante una *Petición de Mandamus.* En la misma, solicita que se le ordene a la Hon. Sara Y. Rosado Morales, a resolver la *Moción de Sentencia Sumaria Parcial* y la *Oposición a Moción de Sentencia Sumaria Parcial.* Esto, pues han transcurrido 306 días desde que los escritos fueron concedidos ante la consideración del TPI, sin que se haya resuelto el asunto.

El 31 de julio de 2025, la parte demandada presentó ante nuestra consideración una *Moción de Desestimación.* Ese mismo día, la parte demandante presentó una *Oposición a Moción de Desestimación.* Subsiguientemente, el 1 de agosto de 2025, la parte demandada presentó una *Moción Aclaratoria y Solicitando Desestimación del Auto de Mandamus Interpuesto.*

Entretanto, el 1 de agosto de 2025, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria parcial que presentó la parte demandante y ordenó la continuación de los procedimientos. Por lo cual, el 5 de agosto de 2025, la parte demandada presentó una *Moción de Desestimación de Mandamus por Academicidad [...].* Ese mismo día, la parte demandante presentó una *Oposición a Moción de Desestimación de Mandamus por Academicidad [...].* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC,* 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024); *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Así, para

adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra; Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la

controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

### B. Academicidad

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea*, 208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables

requisitos previo a una expresión". *Noriega v. Hernández Colón,* 135 DPR 406 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra*, a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I*, 180 DPR 253 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto

el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.*, 149 DPR 836 (1999).[1]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González*, 127 DPR 704 (1991).

**III.**

De entrada, debemos auscultar si procede la desestimación del recurso de epígrafe. En el caso ante nuestra consideración, la parte demandada solicitó la desestimación de la *Petición de Mandamus* por entender que la controversia se tornó académica. Planteó que el 1 de agosto de 2025, el TPI emitió y notificó una *Resolución* denegando la *Moción de Sentencia Sumaria Parcial*; por lo cual, se tornó académico el recurso de epígrafe.

Por su parte, la parte demandante señaló que luego de instada la *Petición de Mandamus* el TPI resolvió la *Moción de Sentencia Sumaria Parcial*. Sostuvo que, ante tal situación, el *mandamus* resultó académico, pero agilizó los trámites ante el foro primario. Así pues, añadió que el *mandamus* no puede considerarse frívolo, ya que tuvo un propósito legítimo y necesario dentro del trámite judicial.

Según el derecho que antecede, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso

---

[1] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.*, 199 DPR 59 (2017).

presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. Nuestro máximo Foro ha resuelto que una controversia no es justiciable cuando después de iniciado el pleito, hechos posteriores lo convierten en académico. *Noriega v. Hernández Colón, supra.* Así, "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I, supra.*

En el caso ante *nos*, al momento de la presentación de la *Petición de Mandamus*, el 30 de julio de 2025, el foro primario no había resuelto la *Moción de Sentencia Sumaria Parcial* que presentó la parte demandante, ni la correspondiente oposición. Sin embargo, el 1 de agosto de 2025, el TPI emitió y notificó una *Resolución* mediante la cual resolvió la solicitud de sentencia sumaria parcial. A esos efectos, la *Petición de Mandamus* se tornó en académica. Esto, pues al día de hoy la controversia es inexistente y, en consecuencia, una sentencia en los méritos no tendrá efectos prácticos.

**IV.**

Por los fundamentos antes expuestos, desestimamos la *Petición de Mandamus* por falta de jurisdicción por academicidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones