Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SLAKE LLC<br><br>Parte Apelante<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO MADRID; MULTINATIONAL INSURANCE CO.; ESSENTIAL INSURANCE SERVICES, INC.; HUB INTERNATIONAL PUERTO RICO, INC.; GENERAL INSURANCE BROKERS, INC.; ASEGURADORA XYZ; Y FULANO DE TAL<br><br>Parte Apelada | TA2025AP00313 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV00769<br><br>Sala: (908)<br><br>Sobre: Sentencia Declaratoria y Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante *nos*, Slake, LLC. (apelante) y nos solicita que revisemos y revoquemos una *Sentencia* emitida el 15 de julio de 2025 y notificada el 16 de julio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el TPI desestimó con perjuicio la *Demanda Enmendada* que presentó la parte apelante.

Por los fundamentos que se exponen a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

Surge del expediente del caso ante *nos* que, el 29 de enero de 2025, la apelante presentó una *Demanda* en contra del Consejo de Titulares del Condominio Madrid, Multinational Insurance Co., Essential Insurance Services, Inc., HUB International Puerto Rico,

Inc., y General Insurance Brokers, Inc. (en conjunto, apeladas), sobre sentencia declaratoria y cobro de dinero. El 24 de marzo de 2025, General Insurance Brokers, Inc., presentó una *Moción de Desestimación*. A grandes rasgos, adujo que lo que la parte apelante cuestiona son las acciones, determinaciones e interpretaciones del Consejo de Titulares del Condominio Madrid, en cuanto a su porciento de participación en los elementos comunes del Condominio. Asimismo, argumentó que esto constituye una acción de impugnación de acciones u omisiones de la Junta de Directores del Condominio Madrid y/o acuerdos alcanzados por el Consejo de Titulares. Así pues, esgrimió que según la Ley Núm. 129 de 16 de agosto de 2020, según enmendada, Ley de Condominios de Puerto Rico (31 LPRA sec. 1921 *et seq.*), el foro con jurisdicción exclusiva para atender esta controversia es el Departamento de Asuntos del Consumidor (DACO) y no el TPI; por lo cual, procede la desestimación de la *Demanda* por falta de jurisdicción.

Acto seguido, el 3 de abril de 2025, HUB International Puerto Rico, Inc., presentó una *Moción de Desestimación*. En esta, manifestó que la responsabilidad de aplicar los criterios establecidos en la Ley Núm. 129-2020, *supra,* recae en el Consejo de Titulares del Condominio Madrid, así como en la Junta de Directores del Condominio y no en el productor de seguros. Así, expresó que las alegaciones formuladas en su contra carecen de una base legal sólida y no son suficientes para justificar la concesión de los remedios solicitados por la apelante. En consecuencia, solicitó la desestimación con perjuicio de la causa de acción presentada en su contra, por no establecer una causa de acción plausible que le pudiera ser imputada.

Subsiguientemente, el 7 de abril de 2025, el Consejo de Titulares del Condominio Madrid presentó una *Moción de Desestimación*. En síntesis, planteó que la parte apelante está

impugnando las acciones del Consejo de Titulares donde alega que a pesar de la reciente enmienda a la Ley Núm. 129-2020, *supra,* continúa cobrando los gastos comunes a través de un cálculo que, según ellos, es contrario a la ley. Destacó que la Ley Núm. 129-2020, *supra,* es clara en cuanto a que la jurisdicción primaria y exclusiva para atender el reclamo es el DACO. Añadió que, el foro primario estaba impedido de adjudicar la controversia; por lo cual, solicitó la desestimación de la *Demanda.*

El 28 de abril de 2025, la parte apelante presentó una *Oposición a las Mociones de Desestimación.* Razonó que, el DACO solo ostenta jurisdicción primaria y exclusiva sobre las impugnaciones de titulares contra el Consejo de Titulares y los administradores del condominio dentro de los límites establecidos por el Artículo 65 de la Ley Núm. 129-2020 (31 LPRA sec. 1923j). Así pues, afirmó que cualquier otra causa de acción no expresamente delegada a la agencia por dicho estatuto o su reglamento, no le confiere jurisdicción primaria y exclusiva al DACO, pues no se extiende a todas las posibles causas de acción dimanantes de un condominio sometido al régimen de propiedad horizontal.

Así las cosas, el 29 de abril de 2025, el Consejo de Titulares del Condominio Madrid presentó una *Solicitud de Imposición de Honorarios de Abogado* fundamentada en una enmienda al Artículo 37 del Reglamento del Condominio Madrid. En vista de ello, el 15 de mayo de 2025, la apelante presentó una *Oposición a Solicitud de Imposición de Honorarios de Abogado [...].*

Posteriormente, el 27 de mayo de 2025, General Insurance Brokers, Inc., presentó una *Réplica a Oposición a Moción de Desestimación.* Entretanto, el 2 de junio de 2025, HUB International Puerto Rico, Inc., también presentó una *Réplica a Oposición a Moción de Desestimación.* Oportunamente, el 13 de junio de 2025, Essential

Insurance Services, Inc., presentó una *Moción en Solicitud de Desestimación.* Mediante esta, adoptó por referencia los argumentos vertidos en las solicitudes de desestimación que presentaron General Insurance Brokers, Inc. y HUB International Puerto Rico, Inc.

El 25 de junio de 2025, Multinational Insurance Co., presentó una *Contestación a Demanda.* Además, ese mismo día, presentó una *Moción en Solicitud de Desestimación* mediante la cual también adoptó por referencia los argumentos esgrimidos en las solicitudes de desestimación que presentaron General Insurance Brokers, Inc. y HUB International Puerto Rico, Inc.

Luego de varios incidentes procesales, el 26 de junio de 2025, la parte apelante presentó una *Solicitud de Permiso para Enmendar Demanda.* En igual fecha, presentó una *Demanda Enmendada* y una *Moción Informativa Sometiendo Artículo de Revista Jurídica.* Consecutivamente, el 7 de julio de 2025, General Insurance Brokers, Inc., presentó una *Moción en Apoyo a la Solicitud de Desestimación.* El 8 de julio de 2025, HUB International Puerto Rico, Inc., presentó una *Moción Reiterando Solicitud de Desestimación.* Asimismo, el 10 de julio de 2025, Essential Insurance Services, Inc., presentó una *Moción Reiterando Solicitud de Desestimación.* Ese mismo día, el foro primario emitió una *Orden* mediante la cual no aceptó la *Demanda Enmendada.*

Consecuentemente, el 15 de julio de 2025, notificada el 16 de julio de 2025, el TPI emitió una *Sentencia* mediante la cual desestimó con perjuicio la *Demanda Enmendada* que presentó la parte apelante y declaró *Con Lugar* la *Solicitud de Imposición de Honorarios de Abogado* que presentó el Consejo de Titulares del Condominio Madrid. Mediante dicho dictamen, el foro primario concluyó que no tiene jurisdicción para atender la controversia planteada en contra del Consejo de Titulares. Además, sostuvo que

la *Demanda Enmendada* carece de base jurídica y fáctica suficiente para sostener una reclamación que justifique la concesión de un remedio en contra de las partes apeladas.

El 31 julio de 2025, la apelante presentó una *Moción de Reconsideración.* Oportunamente, el 6 de agosto de 2025, el foro primario emitió una *Orden* mediante la cual denegó la solicitud de reconsideración. Inconforme, el 5 de septiembre de 2025, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

### Primer Error

Erró el TPI al declararse sin jurisdicción sobre la materia, pues aplicó incorrectamente el Reglamento de Condominios Núm. 9386 de 2022, en vez del Reglamento Núm. 6728 de 2003, único reglamento vigente al momento de surgir la controversia y que expresamente excluye de la jurisdicción del DACO las disputas sobre cláusulas de escrituras matrices. En la alternativa, aún bajo el Reglamento de Condominios Núm. 9386, el foro a quo también erró al no asumir jurisdicción primaria, pues la Demanda Enmendada no impugna actos del Consejo bajo el Art. 65 de la Ley 129-2020, sino que solicita la nulidad de una cláusula de la Escritura Matriz, cuestión de estricto derecho que corresponde al TPI resolver conforme a la Regla 59 de Proc. Civil y la jurisprudencia aplicable a condominios.

### Segundo Error

Erró el TPI al prejuzgar los méritos de las causas de acción dirigidas contra los productores de seguros HUB y General Insurance, sin desfile de prueba y acogiendo las alegaciones de los Apelados, en lugar de aceptar como ciertos los hechos bien fundamentados en la Demanda Enmendada, apartándose del estándar de revisión aplicable a una moción de desestimación. Las alegaciones de la Demanda Enmendada describen daños concretos y plausibles, suficientes para superar el umbral de desestimación bajo el criterio de plausibilidad.

### Tercer Error

Erró el TPI y abusó de su discreción al desestimar "con perjuicio" la totalidad de la Demanda Enmendada. Tal determinación es procesalmente incorrecta y vulnera el derecho fundamental del Apelante de acceso a la justicia. Al decretar el archivo "con perjuicio", el TPI no solo privaría al Apelante de ventilar su reclamo contra el Consejo ante el DACO —de determinarse que es el foro con jurisdicción— sino que además cerraría indebidamente la puerta a las causas de acción contra

los demás Apelados que pudieran dimanar del dictamen del DACO, y que tendrían que dilucidarse en otro foro y en otro momento.

## Cuarto Error

Erró el TPI y actuó con prejuicio y parcialidad al imponer honorarios a favor del Consejo por las siguientes razones: (i) tras declararse sin jurisdicción sobre la materia, carecía de facultad para concederlos; y aun si la tuviera, el Artículo 37 del Reglamento del Condominio exige defensa sustantiva y un resultado favorable, condiciones que no se cumplen dado que la Demanda Enmendada fue desestimada en su totalidad; (ii) el propio Artículo 37 del Reglamento del Condominio estaba impugnado y pendiente de adjudicación ante el DACO; (iii) el TPI aceptó la Certificación de Honorarios (SUMAC #64) sin verificación de razonabilidad ni de si dichos honorarios fueron o serían cubiertos por la aseguradora del Consejo; y (iv) la misma solicitud de honorarios ya había sido previamente denegada por este Honorable Tribunal, lo que constituye cosa juzgada, que vedaba toda actuación en contrario.

El 9 de septiembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su alegato en oposición. Posteriormente, el 17 de septiembre de 2025, la parte apelante presentó una *Urgente Moción en Auxilio de Jurisdicción [...].* El 19 de septiembre de 2025, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción. Esto, pues los efectos de la *Sentencia* apelada están suspendidos y paralizados, incluyendo el pago de honorarios concedidos.

El 30 de septiembre de 2025, HUB International Puerto Rico, Inc., presentó un *Alegato en Oposición.* De igual forma, ese mismo día, General Insurance Brokers, Inc., presentó un *Alegato en Oposición [...].*

**II.**

**A. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica*

*de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la

desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al.*, *supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

### B. Jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para

adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra; Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011).  Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la

controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC*, *supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

### i.    Jurisdicción exclusiva y primaria

La Sección 4.2 de la Ley Núm. 38 de 30 de junio de 2017 (3 LPRA sec. 9672), según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), establece que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia [...].

Mediante dicha disposición reglamentaria, se recoge la doctrina de agotamiento de remedios administrativos la cual es, junto a la doctrina de jurisdicción primaria, una norma de

autolimitación judicial. *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022). Esta doctrina implica que, antes de acudir a un tribunal, la parte que desea obtener un remedio deberá utilizar todos los medios administrativos disponibles, pues, de lo contrario, la revisión judicial no estará disponible. *AAA v. UIA*, 200 DPR 903 (2018). Por lo que, necesariamente, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". J. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

Así, de esta forma, se logra que los pleitos lleguen al foro judicial en el momento apropiado, y a su vez, se cumplen los siguientes objetivos, a saber: (1) permite que la agencia desarrolle un historial completo del asunto y utilice su *expertise* para adoptar medidas conforme la política pública formulada por éste; (2) evita intervenciones inoportunas de los tribunales; (3) facilita la revisión judicial; y (4) promueve la distribución eficiente de tareas entre los poderes ejecutivo y judicial. *AAA v. UIA*, *supra*, a la pág. 914.

No obstante, la doctrina de agotamiento de remedios administrativos no es absoluta, y admite excepciones. A esos efectos, la Sección 4.3 de la LPAU (3 LPRA sec. 9673), que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Por lo tanto, ante los supuestos antes mencionados, se justifica el preterir el trámite administrativo, y el tribunal podrá

conceder el remedio solicitado. De lo contrario, los tribunales deberán abstenerse de intervenir hasta tanto la agencia atienda el asunto. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843 (2008).

### ii. Doctrina de jurisdicción primaria

Nuestro ordenamiento jurídico reconoce varias normas de autolimitación judicial, entre estas, la doctrina de jurisdicción primaria. *MCS Advantage, Inc. v. Fossas Blanco et al.*, *supra.* Así pues, se trata de una norma de origen jurisprudencial, cuyo propósito es precisar el foro que atendería la controversia en primera instancia. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020). Es decir, se refiere a la tarea de examinar si es el tribunal o una agencia quien debe entender, de forma inicial, el caso que se está presentando. Lo anterior, pues, existen instancias en las cuales un tribunal debe abstenerse de ejercer su jurisdicción hasta tanto la agencia administrativa resuelva la controversia. *MCS Advantage, Inc. v. Fossas Blanco, supra.* Por consiguiente, ante un planteamiento de jurisdicción primaria, debemos hacernos la siguiente interrogante: ¿A qué foro -el administrativo o el judicial- le corresponde adjudicar inicialmente la controversia? *Íd.* Al contestar dicha interrogante, el tribunal deberá "examinar los alcances de la ley habilitadora de una agencia y determinar si el asunto cae estrictamente dentro de su ámbito. Además, le exige que ponderen y determinen si es imprescindible y necesario que se resuelva en favor de que intervenga inicialmente la agencia". *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407 (2012).

La doctrina de jurisdicción primaria tiene dos (2) vertientes, entiéndase, (1) la concurrente, y (2) la exclusiva. *CBS Outdoor v. Billboard One, Inc. et al.*, 179 DPR 391 (2010). La jurisdicción primaria concurrente, presupone que tanto el foro judicial como el administrativo ostentan jurisdicción para resolver la controversia planteada. Sin embargo, a pesar de que ambos foros poseen

jurisdicción legal, en la mayoría de las ocasiones, debido a la pericia y el conocimiento especializado que posee el organismo administrativo, "ocurre un aplazamiento de interacción del Tribunal hasta que se proceda a resolver finalmente por la agencia". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700 (2014).

Ahora bien, la doctrina de jurisdicción primaria concurrente no aplica automáticamente. *CBS Outdoor v. Billboard One, Inc. et al.*, 179 DPR 391 (2010). A esos efectos, nuestro Tribunal Supremo ha expresado que:

> No existe una fórmula precisa para determinar cuándo aplicar o no alguna excepción de la doctrina de jurisdicción primaria concurrente. Por ello, los tribunales deben hacer una evaluación pragmática y 'sopesar todos los factores y circunstancias que apuntan o no a la conveniencia de permitir que la reclamación se dilucide inicialmente en el foro administrativo'. Entre los factores que han de ponderarse para aplicar o no la doctrina de jurisdicción primaria se encuentran los siguientes: (a) el peritaje de la agencia sobre la controversia; (b) la complejidad técnica o especializada de la controversia; (c) la conveniencia o necesidad de una adjudicación rápida; (d) la conveniencia de utilizar técnicas más flexibles de adjudicación; (e) lo adecuado del remedio administrativo. En fin, la aplicación o no de esta segunda vertiente 'impone que se pondere y determine si es imprescindible y necesario que se resuelva [a] favor de que intervenga inicialmente la agencia'. *Íd.*, a la pág. 407.

Por ende, dicha norma no es de aplicación cuando la cuestión a resolverse es de estricto derecho o puramente judicial. *Íd.*, a la pág. 406.

De otro lado, la jurisdicción primaria exclusiva o estatutaria, esta presente cuando la ley le confiere jurisdicción inicial exclusiva a la agencia administrativa para entender en la reclamación. *Beltrán Cintrón et al. v. ELA et al.*, *supra*, a la pág. 102. Nuestro Tribunal Supremo ha resuelto que, aunque la designación de la jurisdicción exclusiva debe hacerse de forma clara y precisa, no es necesario que surja expresamente del estatuto, sino que, corresponde evaluar si surge por implicación necesaria. *Rodríguez Rivera v. De León Otaño, supra*, a la pág. 709. Claro está, si se determina que, en efecto, se realizó una designación de jurisdicción exclusiva a la agencia, le corresponde a esta última atender, como cuestión de prioridad, el caso. Ante tal mandato legislativo, la jurisdicción

primaria concurrente no es de aplicación, y el tribunal está impedido de resolver, en primera instancia, la controversia. Sin embargo, ello "no soslaya la revisión judicial posterior de la decisión del organismo". *SLG Semidey Vázquez v. ASIFAL,* 177 DPR 657 (2009). A fin de cuentas, es el tribunal quien posee la facultad de resolver la cuestión jurisdiccional. *Íd.*

### C. Ley Núm. 129-2020

El Artículo 65 de la Ley de Condominios de Puerto Rico, *supra,* establece, en lo pertinente, que:

> [l]as acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.
> Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.
> En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.
> El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente tiene. En el caso de la impugnación de acuerdos del Consejo de Titulares tendrá que acreditar que estuvo presente o representado en la asamblea en que se tomó el acuerdo que impugna y que votó en contra de este. Si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada.

Cónsono con esto, la Regla 23 del Reglamento Núm. 9386 de 6 de junio de 2022 establece que:

I. [l]as acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
(a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
(b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
(c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
El Agente Administrador será responsable por cualquier determinación, actuación u omisión del Asistente Administrador.

II. El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. Igualmente quedaran excluidas de la jurisdicción del DACO, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

**IV.**

En el caso de marras, la parte apelante sostiene que erró el TPI al declararse sin jurisdicción sobre la materia, pues aplicó incorrectamente el Reglamento Núm. 9386, *supra*, en lugar del Reglamento Núm. 6728 de 2003, único reglamento vigente al momento de surgir la controversia y que expresamente excluye de la jurisdicción del DACO las disputas sobre cláusulas de escrituras matrices. En la alternativa arguye que, aún bajo el Reglamento Núm. 9386, *supra*, el foro *a quo* también erró al no asumir jurisdicción primaria, pues la *Demanda Enmendada* no impugna actos del Consejo de Titulares bajo el Artículo 65 de la Ley Núm. 129-2020, *supra*, sino que solicita la nulidad de una cláusula de la Escritura Matriz, cuestión de estricto derecho que corresponde al TPI resolver conforme a la Regla 59 de Procedimiento Civil y la jurisprudencia aplicable a condominios.

Según el derecho que antecede, el Artículo 65 de la Ley Núm. 129-2020, *supra*, le brinda al DACO jurisdicción primaria y

exclusiva para atender reclamaciones sobre las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares cuando: a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio; b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular; c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

En armonía con esto, el DACO promulgó el Reglamento Núm. 9386, *supra*, para implantar la Ley Núm. 129-2020, *supra*. A esos efectos, la Regla 2 del Reglamento Núm. 9386, *supra*, establece que el Reglamento será aplicable a las impugnaciones y acciones presentadas por los titulares de apartamentos en condominios en los que exista por lo menos un (1) apartamento dedicado a vivienda, contra los acuerdos del Consejo de Titulares y las determinaciones, acciones u omisiones del Director, la Junta de Directores, el Administrador Interino, Síndico y Agente Administrador. Así, dicha disposición reglamentaria deja claro que el Reglamento Núm. 9386, *supra*, sustituye y deroga el Reglamento Núm. 6728 de 2003.

En el caso ante nuestra consideración, la parte apelante adquirió cinco (5) unidades de apartamentos en el año 2021, cuando estaba en pleno vigor la Ley Núm. 129-2020, *supra*. Sin embargo, no fue hasta el 20 de noviembre de 2024, cuando ya el DACO había promulgado el Reglamento Núm. 9386, *supra*, que el apelante notificó a la parte apelada la presunta violación a los postulados de la Ley Núm. 129-2020, *supra*. Por lo tanto, contrario al argumento de la parte apelante, el Reglamento aplicable al caso de autos es el Núm. 9386. Esto, pues era el Reglamento vigente al momento de la reclamación.

Por otra parte, de un análisis minucioso de las alegaciones de la *Demanda,* así como de la *Demanda Enmendada,* podemos colegir que la parte apelante hizo imputaciones al Consejo de Titulares del Condominio Madrid, a la Junta de Directores y al Agente Administrador al establecer que estos, presuntamente, han incumplido con la Ley Núm. 129-2020, *supra,* al utilizar la derogada formula basada en valor para realizar el cálculo de los porcentajes de participación de los apartamentos. Además, por estos, presuntamente, negarse a ajustar el cobro de los gastos comunes de acuerdo con la formula estatuida en la Ley Núm. 129-2020, *supra.* En consecuencia, la parte apelante no solo solicita la nulidad de una cláusula de la Escritura Matriz, sino que también impugna acciones u omisiones del Consejo de Titulares bajo los postulados del Artículo 65 de la Ley Núm. 129-2020, *supra.*

Con relación al segundo señalamiento de error, la parte apelante plantea que erró el TPI al prejuzgar los méritos de las causas de acción dirigidas contra los productores de seguros HUB International Puerto Rico, Inc., y General Insurance Brokers, Inc., sin desfile de prueba y acogiendo las alegaciones de la parte apelada, en lugar de aceptar como ciertos los hechos bien fundamentados en la *Demanda Enmendada,* apartándose del estándar de revisión aplicable a una moción de desestimación. Añadió que, las alegaciones de la *Demanda Enmendada* describen daños concretos y plausibles, suficientes para superar el umbral de desestimación bajo el criterio de plausibilidad.

De una lectura desapasionada de la *Demanda Enmendada* surge que, la parte apelante fundamentó su reclamación en varias imputaciones dirigidas a los productores de seguros contratados por el Consejo de Titulares del Condominio Madrid. A modo de ejemplo, en la alegación #30 la parte apelante adujo que HUB International Puerto Rico, Inc., y General Insurance Brokers, Inc., incumplieron

con su deber profesional y legal al suscribir una póliza utilizando porcentajes de participación incorrectos, ajenos al método de cálculo establecido por la Ley 129-2020, *supra.*

Al interpretar dichas alegaciones de manera conjunta y liberal a favor de la parte apelante, no surge una causa de acción que justifique la concesión de un remedio. Esto, pues nuestro ordenamiento jurídico delimita la actuación del productor a gestionar seguros en Puerto Rico. Artículo 9.020 del Código de Seguros de Puerto Rico (26 LPRA sec. 949a). Así pues, entre sus deberes y/o facultades no se encuentra la autoridad para revisar, objetar o modificar el método de prorrateo de las primas. Tampoco, el Código de Seguros de Puerto Rico le impone el deber que fiscalizar el porcentaje de participación de cada titular según el cálculo establecido en la Ley Núm. 129-2020, *supra.* Véase, Artículo 9.022 del Código de Seguros de Puerto Rico (26 LPRA sec. 949c).

Por lo tanto, no incidió el foro primario al desestimar la causa de acción presentada en contra de HUB International Puerto Rico, Inc., y General Insurance Brokers, Inc.

En su tercer señalamiento de error, la parte apelante esbozó que erró el TPI y abusó de su discreción al desestimar con perjuicio la totalidad de la *Demanda Enmendada.* Manifestó que, tal determinación es procesalmente incorrecta y vulnera su derecho de acceso a la justicia. Agregó que, al decretar el archivo "con perjuicio", el TPI no solo le privaría de ventilar su reclamo contra el Consejo ante el DACO —de determinarse que es el foro con jurisdicción— sino que además cerraría indebidamente la puerta a las causas de acción contra los demás apelados que pudieran dimanar del dictamen del DACO, y que tendrían que dilucidarse en otro foro y en otro momento. No tiene razón.

La Regla 39.2 de Procedimiento Civil (32 LPRA Ap. V) dispone, entre otras cosas, que "a menos que el tribunal lo disponga de otro

modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos". Lo anterior necesariamente implica que, excepto en las limitadas circunstancias antes descritas, una desestimación será con perjuicio.

En el caso de epígrafe, el foro primario, correctamente, desestimó la *Demanda Enmendada* con perjuicio tal y como establece la Regla 39.2 de Procedimiento Civil, *supra.* Por consiguiente, tal determinación no es procesalmente incorrecta.

Finalmente, la parte apelante señaló que erró el TPI y actuó con prejuicio y parcialidad al imponer honorarios a favor del Consejo por las siguientes razones: (i) tras declararse sin jurisdicción sobre la materia, carecía de facultad para concederlos; y aun si la tuviera, el Artículo 37 del Reglamento del Condominio Madrid exige defensa sustantiva y un resultado favorable, condiciones que no se cumplen dado que la *Demanda Enmendada* fue desestimada en su totalidad; (ii) el propio Artículo 37 del Reglamento del Condominio Madrid estaba impugnado y pendiente de adjudicación ante el DACO; (iii) el TPI aceptó la Certificación de Honorarios sin verificación de razonabilidad ni de si dichos honorarios fueron o serían cubiertos por la aseguradora del Consejo de Titulares; y (iv) la misma solicitud de honorarios ya había sido previamente denegada por este Honorable Tribunal, lo que constituye cosa juzgada, que vedaba toda actuación en contrario.

El Artículo 37 del Reglamento del Condominio Madrid establece, entre otras cosas, que:

> [s]i el Consejo, la Junta de Directores o algún/a Director en su capacidad oficial, se defiende de alguna reclamación judicial o administrativa presentada por algún titular o su representante, y el resultado fuera favorable al Consejo, la Junta de Directores o el/la Director/a, éstos tendrán derecho al reembolso de los honorarios de abogados y las cosas y gastos en que incurran para

dicha defensa. Ésta última oración aplica a reclamaciones en curso.

Según surge del mencionado Artículo, si el resultado de un litigio es favorable al Consejo, la Junta de Directores o al Director, estos tienen derecho al reembolso de honorarios de abogados y las costas y gastos en que incurran para dicha defensa. Así pues, la desestimación de la Demanda Enmendada a favor del Consejo de Titulares del Condominio Madrid constituye un resultado favorable. Aunque existe un caso ante la consideración del DACO, que impugna una enmienda al Reglamento, no hay una sentencia, orden o resolución que lo paralice o invalide. Por lo tanto, procedía la imposición de honorarios de abogado.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones